IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Harry Newlest Charles, III, #268775,<br>a/k/a Dr. Harry N. Charles, II, #268775,<br>a/k/a Harry Newlest Charles, II, #20628,<br><br>    Plaintiff,<br><br>v.<br><br>Major Jeffrey Johnson,<br>Kenny Boone, Florence County Sheriff,<br>Florence County Detention Center,<br>Florence County Sheriff's Office<br><br>    Defendants. | Civil Action No. 8:18-0854-RMG<br><br><br><br>**ORDER AND OPINION** |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 10) recommending that Defendants Florence County Detention Center and Florence County Sheriff's Office be dismissed without prejudice and without issuance and service of process. For the reasons set forth below, the Court adopts in part and declines to adopt in part the R & R of the Magistrate Judge as the Order of the Court.

**I.**      **Background**

Plaintiff is a pretrial detainee at the Florence County Detention Center. Plaintiff brought this action pro se alleging pursuant to 42 U.S.C. § 1983 that Defendants violated his First, Fifth and Eighth Amendment rights by depriving him of due process, failing to protect against cruel and unusual punishment, and violating his rights to freedom of religion and freedom of the press. (Dkt. No. 1 at 5.) Appropriately liberally construed, Plaintiff's Complaint asserts claims such as for unlawful conditions of confinement, deliberate indifference to medical needs and denial of access to legal materials. (*Id.* at 5, 7-9.) Specifically, Plaintiff complains that Defendant Florence County Detention Center failed to ensure his proper medical treatment, access to legal

materials, access to hygiene items, and exposed Plaintiff to mold and active staph. (*Id.* at 5.) Plaintiff similarly complains that Defendant Florence County Sheriff's Office failed to maintain a proper facility that meets state and federal constitutional standards. (*Id.*) Plaintiff argues that Defendants caused him psychological and physical injuries, for which he seeks $8,000,000 in punitive damages as well as closure of the facility for inspection and removal of asbestos and mold. (*Id.* at 9.) Plaintiff did not file objections to the Magistrate Judge's R & R.

## II. Legal Standard

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are no objections to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note. In the absence of objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See, e.g., Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III. Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Defendants Florence County Detention Center and Florence County Sheriff's Office should be dismissed from the action. To state a claim pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a right secured by the federal constitution or laws was violated by a "person" acting under the color of state law. *See, e.g., West v. Atkins*, 487 U.S. 42, 48 (1988). It is well settled that only a "person" may act under the color of state law. *See, e.g., Harden v.*

*Green*, 27 Fed. Appx. 173, 178 (4th Cir. 2001) (noting that the "medical department of a prison may not be sued, because it is not a person within the meaning of § 1983"); *Nelson v. Lexington Cty. Det. Ctr.*, No. 8:10-cv-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that a detention center is not amenable to a § 1983 suit); *Post v. City of Fort Lauderdale*, 750 F. Supp. 1131, 1133 (S.D. Fla. 1990) (dismissing city police department as improper defendant to § 1983 claim because it is not a "person" under the statute).

Here, the Magistrate Judge correctly concluded that Defendants Florence County Detention Center and Florence County Sheriff's Office are not "persons" under the statute. Moreover, because South Carolina Sheriff's Offices are state agencies, a suit against the Florence County Sheriff's Office is a suit against the state, which is immune from suit pursuant to the Eleventh Amendment. *See, e.g., Woodruff v. Spartanburg City Police Dep't*, 2018 WL 4017683, at *4-5 (D.S.C. July 30, 2018) (Slip Copy) (noting that the Spartanburg County Detention Center is administered by, and under the control of, the Spartanburg County Sherriff's Office, which is considered a state agency for purposes of a § 1983 claim).

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS IN PART AND DECLINES TO ADOPT IN PART** the R & R of the Magistrate Judge as the Order of the Court. (Dkt. No. 10). Defendants Florence County Detention Center and Florence County Sheriff's Office are **DISMISSED WITH PREJUDICE** and without issuance and service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

September 18, 2018
Charleston, South Carolina