IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Harry Newlest Charles, III, #268775,<br>a/k/a Dr. Harry N. Charles, II, #268775,<br>a/k/a Harry Newlest Charles, II, #20628,<br><br>Plaintiff,<br><br>v.<br><br>Major Jeffrey Johnson,<br>Kenny Boone, Florence County Sheriff,<br>Florence County Detention Center,<br>Florence County Sheriff's Office<br><br>Defendants. | Civil Action No. 8:18-0854-RMG<br><br><br><br>**ORDER AND OPINION** |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 35) recommending that the Court grant Defendants' motion to dismiss (Dkt. No. 24) and dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 41(b). For the reasons set forth below, the Court adopts the R & R as the Order of the Court, grants Defendants' motion to dismiss, and dismisses Plaintiff's claims with prejudice.

**I.    Background**

Plaintiff was a pretrial detainee at the Florence County Detention Center. Plaintiff brought this action *pro se* alleging pursuant to 42 U.S.C. § 1983 that Defendants violated his First, Fifth and Eighth Amendment rights by depriving him of due process, failing to protect against cruel and unusual punishment, and violating his rights to freedom of religion and freedom of the press. (Dkt. No. 1 at 5.) Appropriately liberally construed, Plaintiff's Complaint asserts claims such as for unlawful conditions of confinement, deliberate indifference to medical needs and denial of access to legal materials. (*Id.* at 5, 7-9.) Plaintiff argues that Defendants caused him psychological and physical injuries, for which he seeks $8,000,000 in punitive

damages as well as closure of the facility for inspection and removal of asbestos and mold. (*Id.* at 9.) The Court previously dismissed Defendants Florence County Detention Center and Florence County Sheriff's Office as improper defendants to a section 1983 claim. (Dkt. No. 31.) Plaintiff did not object to the R & R that the Court now dismiss Plaintiff's case in its entirety.

## II. Legal Standard

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are no objections to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note. In the absence of objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See, e.g., Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III. Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that this case should be dismissed as a result of Plaintiff's failure to prosecute his claims. Defendants moved to dismiss Plaintiff's claims for lack of prosecution, noting that Plaintiff has failed to provide the Court with a current mailing address. (Dkt. No. 24.) The Magistrate Judge then issued a *Roseboro* Order advising Plaintiff of the potential consequences of failing to respond to Defendants' motion to dismiss. (Dkt. No. 25.) Plaintiff's lack of response to the *Roseboro* Order and Defendants' motion, as well as Plaintiff's continued failure to provide updated mailing address information (Dkt. Nos. 37, 38), indicate Plaintiff's intent not

to continue prosecuting his claims and, therefore, subject the case to dismissal. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). Dismissal would be appropriate here even absent Defendants' motion. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). For these reasons, the Magistrate Judge appropriately identified that Plaintiff's claims should be dismissed for Plaintiff's failure to prosecute.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 35) as the Order of the Court, **GRANTS** Defendants' motion to dismiss (Dkt. No. 24) and **DISMISSES WITH PREJUDICE** Plaintiff's claims.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

October 10, 2018
Charleston, South Carolina